IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Debra Harris,

Appellant(s),

v.

Crown Mortgage Co,

Appellee(s).

Case No.  18 C 6972
Judge  Ronald A. Guzman

## ORDER

Before the Court is debtor/appellant Debra Harris's motion for leave to appeal what she deems to be an interlocutory order of the bankruptcy court in her Chapter 13 proceeding.  Harris's amended Chapter 13 plan was confirmed on August 20, 2018.  Harris seeks leave to appeal the bankruptcy court's order of October 1, 2018, in which the court denied Harris's motion for sanctions against creditor Crown Mortgage Company ("Crown") and explained that Crown was permitted to pursue foreclosure proceedings with respect to Harris's residence because the automatic stay as to that collateral had terminated prior to plan confirmation.

It is unclear why Harris characterizes the bankruptcy court's order as interlocutory.  In its response brief, Crown contends that the bankruptcy court's order is a final, appealable order.  The Court agrees.  While the larger bankruptcy case is still pending (the plan calls for Harris to make plan payments for several years), the controversy between Harris and Crown is over because Harris's plan was confirmed.  See Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692 (2015) ("Confirmation has preclusive effect, foreclosing relitigation of any issue actually litigated by the parties and any issue necessarily determined by the confirmation order.") (internal punctuation and citation omitted); Germeraad v. Powers, 826 F.3d 962, 965 (7th Cir. 2016) (one way of assessing whether an order in a bankruptcy case is final "is to identify whether the order at issue brought to an end a single 'proceeding' that exists within the larger bankruptcy case").  Accordingly, Harris's motion for leave to appeal the bankruptcy court's order [2] is denied as unnecessary.  The briefing schedule on the appeal is as follows: debtor/appellant may file an appeal brief by 1/22/2019; appellee may file a response by 2/21/2019; and debtor/appellant may reply by 3/7/2019.  The Court will rule electronically.

Date:  12/7/2018

Ronald A. Guzman
United States District Judge